UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,                          Case No.    3:15-cv-404

        Plaintiff

    v.

Toledo Correctional Institution, *et al.*,          MEMORANDUM OPINION
                                                   AND ORDER

        Defendants

      *Pro se* plaintiff Christopher Foster is a prisoner incarcerated in the Toledo Correctional Institution. He has filed this *in forma pauperis* civil rights action against the Toledo/Department of Rehabilitation and Correction, Corrections Officer Jason Franklin, Inspector Susan Brown, and Chief Inspector Roger Wilson.

      The plaintiff alleges Officer Franklin referred to him using a "slur involving his wheelchair disability and [his] race right before [he] grabbed [the plaintiff's] wheelchair" and "slung it multiple times trying to throw [the plaintiff] on the ground." When the plaintiff did not fall to the ground, Officer Franklin then allegedly "released a full can of mace" in the plaintiff's face, severely burning him and damaging his skin.

      The plaintiff alleges the Warden and Inspector Brown "were informed by grievance" of this incident on multiple occasions but "refused to discipline their union worker." Instead, the plaintiff was "written up for the incident." The plaintiff alleges that when he was finally able to contact the "central office" regarding the matter, Defendant Wilson also "provided no assistance" to him.

1

Subsequently, Officer Franklin "became a Sgt. and continued to harass [the plaintiff,] even calling him the actual 'N' word but it was unreported in fear."

The plaintiff sets forth a list of purported claims arising from these facts, including battery and assault, harassment, coercion and retaliation, disability discrimination, cruel and unusual punishment, skin damages, emotional distress, conspiracy, and due process.   He seeks $1.6 million in damages.

Because the plaintiff is proceeding *in forma pauperis*, I must screen his complaint pursuant to 28 U.S.C. § 1915(e).   *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). That statute requires me to dismiss any complaint, or portion of thereof, that I determine is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill*, 630 F.3d 70-71.   Because the plaintiff is proceeding *pro se*, his complaint is construed indulgently.   *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Based on the nature of the plaintiff's allegations, I will liberally construe his complaint to allege federal civil rights claims under 42 U.S.C. § 1983, which authorizes an award of damages for civil rights violations committed by persons acting under color of state law.   *See* 42 U.S.C. § 1983; *Sanders v. Prentice-Hall Corp. Sys.*, 178 F.3d 1296 (6th Cir. 1999).

I find the plaintiff has alleged at least a plausible claim against Officer Franklin under Section 1983.   However, I dismiss the complaint against the Department of Rehabilitation and Correction and Defendants Brown and Wilson.

The Ohio Department of Rehabilitation and Correction cannot be sued for damages under § 1983 because it is a state entity entitled to sovereign immunity from suit under the Eleventh Amendment.   *See Will v. Michigan Department of State Police*, 491 U.S. 58, 65–66 (1989); *Hawk v. Dep't of Corr.*, 816 F.2d 680, 1987 WL 37135 (6th Cir. 1987).

The plaintiff's allegations do not state a claim for relief against Defendant Brown and Wilson because liability under § 1983 must be based on more than *respondeat superior*, and a supervisory official cannot be liable merely on the basis of a failure to act. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Denying an administrative grievance or failing to remedy unconstitutional conduct of subordinates is an insufficient basis to impose liability on a supervisory official under § 1983. *Id.* At the most, the plaintiff's allegations suggest that Defendants Brown and Wilson did not rule in his favor on disciplinary appeals or administrative grievances; such conduct is insufficient to impose liability on these officials under § 1983.

## CONCLUSION

For the reasons set forth above, this action is dismissed as against the Department of Rehabilitation and Correction and Defendants Brown and Wilson. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The action, however, may proceed against Defendant Franklin. Therefore, the Clerk's Office is hereby directed to forward the appropriate documents to the U.S. Marshal for service of process on Officer Franklin. A copy of this order shall be included with the documents to be served.

So Ordered.

      s/Jeffrey J. Helmick
      United States District Judge