UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,                               Case No. 3:15-cv-404

       Plaintiff

    v.                                             MEMORANDUM OPINION

Toledo Correctional Institution, et al.,

       Defendants

This matter is before me on Defendant Jason Franklin's motion for summary judgment (Doc. No. 23), Plaintiff's opposition, and Defendant's reply thereto. Also before the Court are multiple other motions[1] filed by the Plaintiff and Defendant Franklin. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons stated below, the Defendant's motion is granted.

## I. FACTUAL BACKGROUND

Christopher Foster is an inmate in the custody of the Ohio Department of Rehabilitation and Correction. In 2013, Foster was incarcerated at the Toledo Correctional Institution. Foster was in a wheelchair due to injuries he sustained prior to his incarceration. Corrections Officer Jason Franklin also worked at TCI in 2013.

In the late afternoon of February 21, 2013, Officer Franklin was working and stationed just outside of the chow hall. According to Foster, he arrived late to the chow hall and was denied

---

[1] This list includes: Plaintiff's motion to strike (Doc. No. 16), Plaintiff's motion for default judgment (Doc. No. 16), Plaintiff's motion to stay (Doc. No. 30), Plaintiff's motion for communicating with thine court (Doc. No. 32), Plaintiff's motion to investigate (Doc. No. 32), Plaintiff's motion to strike (Doc. No. 44), Plaintiff's motion for leave (Doc. No. 46), and Defendant's motion in limine (Doc. No. 50). As the ruling on Defendant's motion for summary judgment is dispositive of the litigation, these motions are denied as moot.

entrance by Franklin. (Doc. No. 23-3 at p. 8). Foster stated that Franklin let two white inmates through but continued to refuse Foster entry. (*Id.*) Foster stated he attempted to "keep going but he didn't try to force his way through and run into the officer." (*Id.*) As Foster "was rolling towards the doors Officer Franklin grabbed his chair from behind and tried to turn it around. [Foster] states as soon as he went through the entrance Officer Franklin turned around and [pepper]sprayed him." (*Id.* at 8-9).

After this incident, Foster was taken to the infirmary and examined by the nurse on duty. Foster was treated for redness to the face and eyes. (Doc. No. 23-4 at p. 19). After Foster was decontaminated, he was discharged back to his cell. (*Id.*)

As a result of this incident, two things occurred. First, Officer Franklin issued Foster a Conduct Report charging him with violations of Institutional Rules 20 and 21. (Doc. No. 23-7 at p. 5). Second, on February 26, 2013, Foster filed a grievance or ICR (Informal Complaint Resolution) against Franklin alleging inappropriate supervision, assault and battery and unnecessary use of pepper spray, excessive force, and violations of the Americans with Disabilities Act. (Doc. No. 23-1 at p. 4).

On March 1, 2013, the Conduct Report was referred to the Rules Infraction Board. (Doc. No. 23-6 at p. 2). A hearing was conducted that same date. On March 4, 2013, Inmate Foster was found to have violated Rule 21, disobedience of a direct order. (*Id.* at p. 6). Foster was found not to have violated Rule 20, physical resistance of a direct order. (*Id.*)

Foster's grievance was responded to by Captain Michael Jenkins on March 7, 2013, at which time Jenkins advised Foster that: (1) "A Use of force packet has been completed. You spoke to Lt. Staup in regards to this matter on 3-3-13 in the shift office. I'll continue to monitor the situation"; and (2) A Use of Force packet has been completed and transferred up the chain of command. Last week you were spoken to in regards to this matter. I'll continue to monitor the situation." (Doc.

No. 23-1 at p. 4). According to the Assistant Chief Inspector for the Ohio Department of Rehabilitation and Correction, Kelly Riehle, Inmate Foster did not advance his grievance to the next level, Step Two, by filing a formal Notification of Grievance under Ohio Administrative Code § 5109-02-31(K)(2). (Doc. No. 23-1, pp. 2, 4-5).

Additionally, as the incident reported was a documented use of force occurrence, pursuant to Ohio Administrative Code § 5120-09-02, a two-member committee was appointed to conduct a Use of Force Review. (Doc. No. 23-4 at p. 8). The Review Panel had before it: (1) the medical reports of both Inmate Foster and Officer Franklin; (2) interviews of Inmate Foster, Officer Franklin, and Officer Harris; and (3) relevant records submitted such as eye-witness accounts of the incidents.

On April 18, 2013, the Review Panel concluded the use of force by Officer Franklin was justified to control or subdue an inmate who refused to obey rules and orders. (*Id.* at p. 9). The Review Panel also concluded the use of force regarding Inmate Foster was not excessive.

On March 3, 2015, Foster filed this prisoner civil rights action against the Toledo Correctional Institution, Jason Franklin, Ms. Brown, an Inspector at the Toledo D.R.C., and Roger Wilson, Chief Inspector for the Toledo D.R.C. (Doc. No. 1). On May 23, 2016, I dismissed the claims against all Defendants except for Defendant Franklin. (Doc. No. 6).

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

A. Summary Judgment Standard

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's

3

favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

B. Official Capacity Claims

With regard to official capacity claims, a state and its officials are not considered persons when sued in their official capacity for money damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Eleventh Amendment bars suit against the state or its agencies unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As Ohio has not given express consent to be sued in federal court, *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999), the state or its instrumentalities are immune from suit for money damages. *Wingo v. Tenn. Dept. of Corr.*, 499 Fed. Appx. 453, 454 (6th Cir. 2012).

Defendant Franklin requests the claims against him for money damages, to the extent they are brought in his official capacity, be dismissed as those claims are subject to immunity under the Eleventh Amendment. The Plaintiff does not oppose this position. Accordingly, this branch of the Defendant's motion is granted.

C. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act requires a prisoner to exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). To meet this requirement, "a prisoner must adhere to the institutional grievance policy, including any time limitations." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).

There is no dispute by the Plaintiff that he failed to exhaust his administrative remedies as he did not follow up his ICR with a formal Notification of Grievance under Step Two as required under the Ohio Administrative Code § 5109-02-31(K0(2). Having failed to respond to the

4

Defendant's argument, Foster cannot establish the exhaustion requirement. Accordingly, this branch of the Defendant's motion is granted.

D. Qualified Immunity

Qualified immunity shields "government officials performing discretionary functions… from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The analysis employed by the Sixth Circuit in determining qualified immunity focuses on whether a constitutional right was violated and whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated that right. *Occupy Nashville v. Haslam*, 769 F.3d 434, 442 (6th Cir. 2014), citing *Saucier v. Katz*, 533 U.S. 194 (2001). In *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the Supreme Court approved disregarding the mandatory analytical sequence adopted in *Saucier* and allowed district courts to "exercise their sound discretion in deciding which of the two prongs in the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."

While the order of these questions is left to the discretion of the district court, "if either one is answered in the negative, then qualified immunity protects the officer from civil damages." *Goodwin v. City of Painesville*, 781 F.3d 314, 321 (6th Cir. 2015), citing *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). Once the defense of qualified immunity is raised, the burden shifts to the plaintiff to prove defendants are not entitled to qualified immunity. *Rodriquez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011).

A. Violation of a Constitutional Right

Conduct which constitutes "unnecessary and wanton infliction of pain" falls within the protection of the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). A claim under the Eighth Amendment requires both an objective and a subjective component. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). The objective component requires a finding that the alleged pain alleged be "sufficiently serious." *Id.* The subjective component is governed by the "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

In determining whether an excessive use of force violates the Eighth Amendment, the analysis should consider if the force utilized was applied in a good-faith effort to maintain or restore discipline or was malicious in an effort to cause harm. *Id.* at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).

In viewing the record before me, I find there is no dispute that Foster disregarded Franklin's order not to enter the chow hall, as he conceded this in his interview to the Review Panel. Officer J. Harris's interview corroborated that Franklin was giving Foster a directive to return to the back and that Foster did not comply. In addition, the record reflects that Franklin deployed a short burst of pepper spray and that a total of 5 grams was dispensed in the altercation. (Doc. No. 23-7 at p. 4; Doc. No. 23-4 at p. 21). Following the incident, Foster was immediately taken to the infirmary where he was decontaminated per medical protocol, and apart from the redness in his face and eyes, he suffered no additional injury. Foster was thereafter found to have violated a direct order, and he failed to pursue his grievance beyond the first step.

As noted by the Sixth Circuit, not every unpleasant experience a prisoner endures constitutes cruel and unusual punishment. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). Moreover, "a short burst of pepper spray is not disproportionate to the need to control an inmate

6

who has failed to obey an order." *Easley v. Little*, Case No. 1:14-cv-891, 2016 WL 4006676 *7 (S.D. Ohio 2016) (collecting cases).

Considering the entire record before me, I find there to be no genuine dispute of material fact and the force applied was a good faith effort to maintain discipline.  Accordingly, I do not find a constitutional violation and the Defendant is entitled to qualified immunity as a matter of law.

### III. CONCLUSION

The Defendant's motion for summary judgment (Doc. No. 23) is granted.  The remaining motions including:  Plaintiff's motion to strike (Doc. No. 16), Plaintiff's motion for default judgment (Doc. No. 16), Plaintiff's motion to stay (Doc. No. 30), Plaintiff's motion for communicating with thine court (Doc. No. 32), Plaintiff's motion to investigate (Doc. No. 32), Plaintiff's motion to strike (Doc. No. 44), Plaintiff's motion for leave (Doc. No. 46), and Defendant's motion in limine (Doc. No. 50), are denied as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge